(Official Form 1) (12/03)

# VOLUNTARY PETITION

| FORM B1 | United States Bankruptcy Court<br>District of Delaware | VOLUNTARY PETITION |
|---|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**RUSSELL-STANLEY HOLDINGS, INC.** | | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by Debtor in the last 6 years<br>(include married, maiden, and trade names): N/A | | All Other Names used by Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec.No./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>22-3525626 | | Last four digits of Soc. Sec.No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>685 Route 202/206<br>Bridgewater, NJ 08807 | | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:<br>Somerset County | | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): N/A | | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): N/A | | |

## INFORMATION REGARDING DEBTOR (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ☒ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition Is Filed (Check one box) |
|---|---|---|
| ☐ Individual | ☐ Railroad | ☐ Chapter 7  ☒ Chapter 11  ☐ Chapter 13 |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9  ☐ Chapter 12 |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other _____ | ☐ Clearing Bank | |

**Nature of Debts** (Check one box)
☐ Consumer/Non-Business  ☒ Business

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101.
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (optional)

**Statistical/Administrative Information** (Estimates only)
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 ☐ | 16-49 ☐ | 50-99 ☒ | 100-199 ☐ | 200-999 ☐ | 1,000-over ☐ | | |
|---|---|---|---|---|---|---|---|---|
| **Estimated Assets** | $0 to $50,000 ☐ | $50,001 to $100,000 ☐ | $100,001 to $500,000 ☐ | $500,001 to $1 million ☐ | $1,000,001 to $10 million ☐ | $10,000,001 to $50 million ☐ | $50,000,001 to $100 million ☒ | More than $100 million ☐ |
| **Estimated Debts** | $0 to $50,000 ☐ | $50,001 to $100,000 ☐ | $100,001 to $500,000 ☐ | $500,001 to $1 million ☐ | $1,000,001 to $10 million ☐ | $10,000,001 to $50 million ☐ | $50,000,001 to $100 million ☐ | More than $100 million ☒ |

(Official Form 1) (12/03)

| VOLUNTARY PETITION<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>RUSSELL-STANLEY HOLDINGS, INC. | Form B1, Page 2 |
|---|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| | | |

### Pending Bankruptcy Case Filed by Any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>See Annex A | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### SIGNATURES

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

Signature of Debtor

Signature of Joint Debtor

Telephone Number (If not represented by attorney)

Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)
☐ Exhibit A is attached and made a part of this petition

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Signature of Attorney for Debtor(s)     Date

**Exhibit C**
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

| **Signature of Attorney** | **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|---|
| /s/ Kayalyn A. Marafioti<br>Signature of Attorney for Debtor(s)<br><br>Kayalyn A. Marafioti<br>Printed Name of Attorney for Debtor(s)<br><br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>Firm Name<br><br>4 Times Square<br>New York, NY 10036-6522<br>Address<br><br>(212) 735-3000<br>Telephone Number<br><br>August 19, 2005<br>Date | /s/ Mark S. Chehi<br>Signature of Attorney for Debtor(s)<br><br>Mark S. Chehi<br>Printed Name of Attorney for Debtor(s)<br><br>SKADDEN, ARPS, SLATE<br>MEAGHER & FLOM LLP<br>Firm Name<br><br>One Rodney Square, P.O. Box 636<br>Wilmington, DE  19899-0636<br>Address<br><br>(302) 651-3000<br>Telephone Number<br><br>August 19, 2005<br>Date | I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>Printed Name of Bankruptcy Petition Preparer<br><br>Social Security Number (Required by 11 U.S.C. § 110(c).)<br><br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document: |

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

/s/ Elizabeth G. Miller
Signature of Authorized Individual

**Elizabeth G. Miller**
Printed Name of Authorized Individual

**Vice President, Finance, Treasurer & Secretary**
Title of Authorized Individual

August 19, 2005
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C.§ 156.

## ANNEX A - AFFILIATED DEBTORS

On the date hereof, the following affiliated entities filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware:

1. Russell-Stanley Corp.

2. Container Management Services, Inc.

3. Russell-Stanley, Inc.

4. RSLPCO, Inc.

5. Russell-Stanley, L.P.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

```
------------------------------ x
                               :
In re:                         :   Chapter 11
                               :
RUSSELL-STANLEY HOLDINGS, INC.,:   Case No. 05-    (   )
                               :
          Debtor.              :
                               :
------------------------------ x
```

### LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is a list of creditors holding the 20 largest unsecured claims against Russell-Stanley Holdings, Inc. as of August 18, 2005. The Debtor believes that this list is representative of the 20 largest creditors in its Chapter 11 case. The information presented in the list shall not constitute an admission by, nor is it binding on, the Debtor.[1]

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this Chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims.[2]

---

[1] The Debtor will file schedules of assets and liabilities (the "Schedules") in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The information contained in the Schedules may differ from the information set forth below.

[2] The Debtor reserves the right to identify any of the 20 largest unsecured claims in its Schedules as contingent, unliquidated, disputed and/or subject to setoff, as appropriate.

LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of RUSSELL-STANLEY HOLDINGS, INC. creditors holding the 20 largest unsecured claims as of August 18, 2005 unless otherwise indicated. The list is prepared in accordance with Fed. R. Bank. P. 1007(d) for filing in this Chapter 11 case. The list does not include (i) persons who fall within the definition of "insider" set forth in 11 U.S.C Sec. 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims

| (1) NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2) NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM WHO MAY BE CONTACTED | (3) NATURE OF CLAIM (trade debt, bank loan, government contract, etc) | (4) C U D | (5) AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|
| BANK OF NEW YORK, THE<br>ROBERT MASSIMILLO<br>5 PENN PLAZA, 13TH FLOOR<br>NEW YORK, NY 10001 | BANK OF NEW YORK, THE<br>ROBERT MASSIMILLO<br>5 PENN PLAZA, 13TH FLOOR<br>NEW YORK, NY 10001<br>FAX (212) 896-7298 | INDENTURED TRUSTEE FOR THE 9% SEN SUB NOTES DUE 2008 | | $27,938,955.58 |
| GREENVILLE LAND, INC.<br>P.O. BOX 2567<br>GREENVILLE, SC 29602 | GREENVILLE LAND, INC.<br>P.O. BOX 2567<br>GREENVILLE, SC 29602 | LITIGATION | C, U, D | $0.00 |
| HENKEL CORPORATION<br>GLENN YOUNG<br>THE TRIAO, SUITE 200<br>2200 RENAISSANCE BLVD<br>GULPH MILLS, PA 19406 | HENKEL CORPORATION<br>GLENN YOUNG<br>THE TRIAO, SUITE 200<br>2200 RENAISSANCE BLVD<br>GULPH MILLS, PA 19406 | LITIGATION | C, U, D | $0.00 |
| WEIL, DOROTHY AND RALPH<br>C/O SILFKIN & AXE<br>REGENCY TOWERS, SUITE 105<br>1003 EASTON ROAD<br>PO BOX 150<br>WILLOW GROVE, PA 19090-0150<br>PHONE (215) 784-1666 | WEIL, DOROTHY AND RALPH<br>C/O SILFKIN & AXE<br>REGENCY TOWERS, SUITE 105<br>1003 EASTON ROAD<br>PO BOX 150<br>WILLOW GROVE, PA 19090-0150<br>PHONE (215) 784-1666<br>FAX (215) 657-8661 | LITIGATION - PERSONAL INJURY | C, U, D | $0.00 |
| CASTRO, DONALD<br>C/O BEST, VANDERLAAN & HARRINGTON<br>2100 MANCHESTER ROAD<br>SUITE 1420<br>WHEATON, IL 60187<br>PHONE (630) 752-8000 | CASTRO, DONALD<br>C/O BEST, VANDERLAAN & HARRINGTON<br>2100 MANCHESTER ROAD<br>SUITE 1420<br>WHEATON, IL 60187<br>PHONE (630) 752-8000 | LITIGATION - EMPLOYEE | C, U, D | $0.00 |
| LUTHE, FRANK<br>C/O MARTIN MELODY<br>REVMONT PARK<br>3 REVMONT DRIVE<br>SUITE 316<br>SHREWSBURY, NJ 07702<br>PHONE (732) 219-0099 | LUTHE, FRANK<br>C/O MARTIN MELODY<br>REVMONT PARK<br>3 REVMONT DRIVE<br>SUITE 316<br>SHREWSBURY, NJ 07702<br>PHONE (732) 219-0099<br>FAX (732) 219-9653 | LITIGATION - EMPLOYEE | C, U, D | $0.00 |
| ARCHEM SUPERFUND SITE<br>SUBHASH PAL, P.E.<br>P.O. BOX 13087<br>AUSTIN, TX 78711-3087 | ARCHEM SUPERFUND SITE<br>SUBHASH PAL, P.E.<br>P.O. BOX 13087<br>AUSTIN, TX 78711-3087 | LITIGATION | C, U, D | $0.00 |
| DELAWARE, STATE OF<br>ELIZABETH W. ROGERS, P.G., ACT. PROG.MAN<br>DEPT OF NATURAL RES & ENVIRO CONTROL<br>391 LUKENS DRIVE<br>NEW CASTLE, DE 19720-2774 | DELAWARE, STATE OF<br>ELIZABETH W. ROGERS, P.G., ACT. PROG.MAN DEPT OF NATURAL RES & ENVIRO CONTROL   391 LUKENS DRIVE<br>NEW CASTLE, DE 19720-2774 | LITIGATION | C, U, D | $0.00 |
| PERTH AMBOY<br>C/O LITE,DEPALMA, GREENBERG & RIVAS,LLC<br>TWO GATEWAY CENTER<br>NEWARK, NJ 07102 | PERTH AMBOY<br>C/O LITE,DEPALMA, GREENBERG & RIVAS,LLC<br>TWO GATEWAY CENTER<br>NEWARK, NJ 07102 | LITIGATION | C, U, D | $0.00 |
| SIMPSONVILLE<br>P.O. BOX 2567<br>GREENVILLE, SC 29602 | SIMPSONVILLE<br>P.O. BOX 2567<br>GREENVILLE, SC 29602 | LITIGATION | C, U, D | $0.00 |
| TEMPLE, DENISE<br>C/O J COURTNEY WILSON<br>1510 VETERANS BLVD<br>METAIRIE, LA 70005<br>PHONE (504) 832-0585 | TEMPLE, DENISE<br>C/O J COURTNEY WILSON<br>1510 VETERANS BLVD<br>METAIRIE, LA 70005<br>PHONE (504) 832-0585<br>FAX (504) 834-2747 | LITIGATION - EMPLOYEE | C, U, D | $0.00 |

I, ELIZABETH G. MILLER, VICE PRESIDENT, FINANCE, TREASURER AND SECRETARY OF RUSSELL-STANLEY HOLDINGS, INC., DECLARE UNDER PENALTY OF PERJURY THAT I HAVE READ THE FOREGOING LIST THAT IT IS TRUE AND CORRECT AS OF AUGUST 18, 2005, TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

Date:         August 19, 2005

Signature:    /s/ Elizabeth G. Miller
Title:        Vice President, Finance, Treasurer and Secretary

# CERTIFICATE OF SECRETARY AS TO RESOLUTIONS ADOPTED BY THE BOARD OF DIRECTORS OF RUSSELL-STANLEY HOLDINGS, INC.

I, the undersigned, being duly elected or appointed as Secretary of Russell-Stanley Holdings, Inc. (the "Company"), a Delaware corporation, do hereby certify that the following resolutions were duly adopted by the board of directors of the Company (the "Board") at a meeting of the Board duly convened on August 18, 2005 and such resolutions have not been amended or rescinded and are now in full force and effect:

## WITNESSETH

**WHEREAS**, the Company, a Delaware corporation, certain of its affiliates identified on Exhibit A (together with the Company, collectively, the "RS Companies"), New England Container Co., Inc., and Hunter Drums Limited ("HDL") are parties to that certain Sixth Amended and Restated Revolving Credit and Term Loan Agreement (the "Credit Agreement"), dated as of November 16, 2001, by and among the RS Companies, the lenders signatory thereto, and Bank of America (f/k/a Fleet National Bank) as administrative agent; and

**WHEREAS**, the Company currently is in default of certain covenants under the Credit Agreement, which matured in April 2004; and

**WHEREAS**, the Company is in default of its repayment obligations under the Credit Agreement and the amount due thereunder remains outstanding; and

**WHEREAS**, in light of the RS Companies' financial situation, the Board has previously deemed it advisable and in the best interests of the RS Companies, their shareholders, creditors, and other stakeholders to pursue either a sale of the business and the assets of the RS Companies or a comprehensive financial restructuring of the RS Companies; and

**WHEREAS**, the RS Companies retained The Blackstone Group, LP ("Blackstone") as the RS Companies' financial advisor in connection with a possible sale of the RS Companies or their assets or a financial restructuring of the RS Companies' capital structure, and management of the RS Companies have worked with Blackstone in actively pursuing such potential transactions since 2002; and

**WHEREAS**, the Board considered various potential sale transactions and potential financial restructurings with their lenders and others, including an asset purchase agreement (the "Asset Purchase Agreement") by and among the RS Companies, HDL, and RSH Acquisition Corp., an affiliate of Mauser-Werke GmbH & Co. KG, a limited partnership under German law, and One Equity Partners LLC, a Delaware limited liability company, and ancillary documents thereto, pursuant to which the RS Companies have agreed to sell substantially all of their assets to RSH Acquisition Corp; and

**WHEREAS**, the Board considered available alternatives to the transaction contemplated by the Asset Purchase Agreement (the "Transaction") and their likely effect on the RS

Companies' business operations, creditors, and shareholders, including liquidation of the RS Companies under Chapter 7 of the Bankruptcy Code (as defined herein) or a reorganization under Chapter 11 of the Bankruptcy Code without a prepetition solicitation as contemplated by the Asset Purchase Agreement, and have determined, after consulting with the RS Companies' financial and legal advisors that the Transaction would result in a larger distribution to creditors than would any other transaction, Chapter 11 reorganization strategy, or a liquidation under Chapter 7; and

**WHEREAS,** on May 10, 2005, the Board determined that the Transaction contemplated by the Asset Purchase Agreement is the proposal most favorable to and in the best interests of the RS Companies and their creditors, and should be accepted by the RS Companies; and

**WHEREAS,** on May 10, 2005, the RS Companies (other than Container Management Services, Inc. ("CMS")), HDL, and RSH executed the Asset Purchase Agreement; and

**WHEREAS,** on July 18, 2005, the RS Companies commenced the solicitation of votes (the "Solicitation") from the holders (the "Noteholders") of the Company's 9% Senior Subordinated Notes due 2008 (the "Notes") on their joint plan of reorganization (the "Plan") to be filed in connection with voluntary cases to be commenced under Chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"); and

**WHEREAS,** in connection with the Solicitation, the RS Companies distributed a ballot and the disclosure statement with respect to the Plan (the "Disclosure Statement") to each holder of the Notes;

**WHEREAS,** following the Solicitation, 100% of the voting Noteholders (representing approximately 87% of the principal amount of the outstanding Notes) voted in favor of the Plan, thus satisfying the requirements of section 1126 of the Bankruptcy Code with respect to the solicitation of the Noteholders; and

**WHEREAS,** to effectuate the Transaction as contemplated by the Asset Purchase Agreement, (a) the Asset Purchase Agreement requires that the RS Companies file with the Bankruptcy Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, and (b) the Asset Purchase Agreement requires HDL to file an ancillary proceeding and seek the issuance of orders of the Canadian Court under Section 18.6 of the Companies' Creditors Arrangement Act (Canada), for certain relief.

**NOW, THEREFORE,** the board of directors of the Company makes the following resolutions:

**RESOLVED,** that the following resolutions are hereby deemed by the Board to be in the best interests of the Company, its shareholders, creditors and other stakeholders; and it is further

**RESOLVED**, that Ronald M. Litchkowski as President and Elizabeth G. Miller as Secretary of the each of the RS Companies is each an "Authorized Officer" for the purposes of these resolutions; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and empowered, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

Restructuring Resolutions

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and empowered, in the name and on behalf of the Company, with the assistance of counsel and its advisors, to execute and verify a petition in the name of the Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court for the District of Delaware in such form and at such time as the Authorized Officer executing such petition on behalf of the Company shall determine; and it is further

**RESOLVED,** that the Authorized Officers be authorized and empowered, in the name and on behalf of the Company, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), all necessary documents, including, without limitation, the Plan, the Disclosure Statement, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all action that they deem necessary and proper in connection with the Chapter 11 case of the Company, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral, with a view to the successful prosecution of such case; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and empowered, in the name and on behalf of the Company, to grant any guarantees, pledges, mortgages, and other security interests as necessary to obtain use of cash collateral; and it is further

**RESOLVED,** that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law practice entities be employed under a general retainer as attorneys for the Company in its Chapter 11 case pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

3

**RESOLVED,** that the accounting firm of Deloitte & Touche LLP be employed as accountants and tax advisors for the Company in its Chapter 11 case pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

**RESOLVED,** that the financial advisory firm of The Blackstone Group L.P. be employed as financial advisors for the Company in its Chapter 11 case pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

**RESOLVED,** that the law firm of Greenbaum, Rowe, Smith & Davis LLP be retained as special corporate counsel for the Company pursuant to sections 327 and 328 of the Bankruptcy Code; and it is further

**RESOLVED,** that the proxy solicitation and investor relations firm of Financial Balloting Group LLC be employed as voting and noticing agent for the Company in its Chapter 11 case; and it is further

**RESOLVED,** that the data processing firm of The Trumbull Group LLC be employed as claims and noticing agent of the Bankruptcy Court and the Company in its Chapter 11 case; and it is further

General Resolutions

**RESOLVED,** that any and all instruments and documents executed and delivered, and any and all actions taken or caused to be taken, by any Authorized Officer prior to the date of adoption of the foregoing resolutions that would have been authorized by the foregoing resolutions but for the fact that such instruments and documents were executed and delivered, and such actions were taken, prior to such date, be and each of them hereby is approved, adopted and ratified as a duly authorized act of the Company in all respects and for all purposes; and it is further

**RESOLVED,** that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company solely in its capacity as the ultimate parent of Russell-Stanley Corp., Russell-Stanley, Inc., RSLPCO, Inc., Russell-Stanley, L.P., CMS, and HDL to cause, to the extent practicable, all of the foregoing actions and the actions contemplated by the Plan to be taken by such subsidiaries.

IN WITNESS WHEREOF, I have executed this Certificate as of August 18, 2005.

/s/ Elizabeth G. Miller
By:     Elizabeth G. Miller
Title:  Vice President – Finance, Treasurer, and Secretary

# Exhibit A

Certain Affiliates Of Russell-Stanley Holdings, Inc.

A. Russell-Stanley Corp.

B. Russell-Stanley, Inc.

C. RSLPCO, Inc.

D. Russell-Stanley, L.P.

E. Container Management Services, Inc.