IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

--------------------------- x
                            :
In re:                      : Chapter 11
                            :
RUSSELL-STANLEY HOLDINGS,   : Case No. 05-12339 (BLS)
    INC., et al.,           :
                            : Jointly Administered
        Debtors.            :
                            :
                            : Related Docket. No. 504
--------------------------- x

**ORDER GRANTING REORGANIZED DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASES, DISCHARGING AND RELEASING PLAN ADMINISTRATOR, AUTHORIZING FINAL DISTRIBUTION, AUTHORIZING ABANDONMENT OF PROPERTY, AND GRANTING RELATED RELIEF**

Upon the motion, dated August 26, 2009 (the "Motion"),[1] of the above-captioned reorganized debtor (the "Reorganized Debtor"), for entry of an order under sections 105(a), 350(a), and 554 of title 11 of the U.S. Code, 11 U.S.C. §§ 101-1330, as amended and in effect on August 19, 2005 (the "Bankruptcy Code"), and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of a final decree and related relief; and the Court having determined that the relief requested in the Motion is in the best interests of the Reorganized Debtor, its creditors, and other parties in interest; and it appearing that proper and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

adequate notice of the Motion has been given under the particular circumstances and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Motion is GRANTED.

2.   The Final Accounting attached as <u>Exhibit A</u> to the Motion is approved in all respects.

3.   The Termination Budget attached as <u>Exhibit B</u> to the Motion is approved in all respects.

4.   The Reorganized Debtor and/or the Plan Administrator is hereby authorized to make final distributions to the Indenture Trustee on account of the Notes.

5.   The Plan Administrator is hereby authorized to transfer and/or distribute any previously unclaimed Ringo assets delivered to or obtained by the Plan Administrator to the Indenture Trustee for distribution to the Noteholders on account of their allowed claims.

6.   The notice attached as <u>Exhibit C</u> to the Motion and served upon creditors and parties in interest is

good and sufficient notice of the Motion and the relief requested therein.

7. Upon the Final Distribution, the Plan Administrator (in its representative capacity) shall, to the fullest extent permissible under applicable law, be forever released and discharged from all claims, demands, debts, rights, causes of action, or liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise that are based in whole or in part on any act or omission, transaction, event or other occurrence in any way relating to the Debtors, the Reorganized Debtor, the chapter 11 cases, or the Plan.

8. Upon the Final Distribution, the Plan Administrator shall be released from all responsibilities under the Plan and the Plan Administrator Agreement.

9. The Plan Administrator is authorized, but not directed, to destroy or abandon all records of the Reorganized Debtor other than (i) certain of the Reorganized Debtor's financial, accounting (limited to general ledgers, trial balances, and internally generated financial

statements in the possession of the Plan Administrator), and tax records and (ii) operational and administrative records created by the Plan Administrator, in accordance with the procedures set forth in paragraph 12 of the Motion, without further notice, at its discretion, and as the Plan Administrator deems necessary and appropriate in its business judgment.

10. Any intercompany claims (including any scheduled intercompany claim) (i) by and between a Debtor and one or more other Debtors and (ii) that a Debtor may have against a non-Debtor affiliate, including NECC, are hereby released, waived, and discharged.

11. Upon the date of the Final Distribution, Ringo is deemed dissolved without any further action by the Plan Administrator.

12. The NECC Equity is hereby deemed to be abandoned under Bankruptcy Code section 554 to John Heenan or his designee effective immediately upon entry of this order.

13. The Plan Administrator shall file a notice with the Court and serve such notice upon (i) the U.S. Trustee

and (ii) the Claims Agent notifying the Court that the Final Distribution has been made by the Plan Administrator. Effective upon the Final Distribution of the assets of the Reorganized Debtor, the retention of the Claims Agent as claims, notice, and balloting agent in these chapter 11 cases is hereby terminated. The Claims Agent is directed to comply with the Clerk's Office Instructions and Guidelines with respect to procedures for preparation of final claims registers and shipping claims to the Federal Records Center.

14. Effective upon the Final Distribution of the assets of the Reorganized Debtor, the Court hereby closes and terminates Case No. 05-12339, Case No. 05-12340, Case No. 05-12342, Case No. 05-12343, Case No. 05-12345, and Case No. 05-12347.

Dated:   Wilmington, Delaware
         October 13, 2009

_____
Honorable Brendan L. Shannon
United States Bankruptcy Judge